No. 38,562

B. F. BLANKENSHIP, *Appellee*, v. HAROLD F. FRAKER, *Appellant*.

(249 P. 2d 683)

Opinion filed November 8, 1952.

*Harold L. Doherty*, of Topeka, argued the cause, and *G. Clay Baker*, of Topeka, was with him on the briefs for the appellant.

*Edward Rooney*, of Topeka, argued the cause, and *Jacob A. Dickinson, David Prager* and *Sam A. Crow*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover for personal injuries and property damage sustained when an automobile and a motor truck collided at the intersection of two city streets. The plaintiff recovered and the defendant has appealed on grounds that the trial court erred (1) in overruling his demurrer to plaintiff's evidence and (2) in overruling his motion for judgment on answers returned by the jury to special questions notwithstanding its general verdict.

Except as they define the issues the pleadings are of no importance and require little attention. All that need be said respecting them is that each party charges that the other's negligence was responsible for the collision and that the cause was submitted to the jury on issues thus joined.

Although, as heretofore indicated, the scope of appellate review is limited the first claim of error relied on as a ground for reversal of the judgment requires a somewhat detailed review of the evidence. We therefore turn to the record, pointing out as we do so that it must be examined in the light of the well established rule (See *Picou v. Kansas City Public Service Co.*, 156 Kan. 452, 134 P. 2d 686; *Roddy v. Hill Packing Co.*, 156 Kan. 706, 137 P. 2d 215; *Phillips v. Doyle*, 167 Kan. 376, 378, 207 P. 2d 465; *Nigh v. Wondra*, 167 Kan. 701, 208 P. 2d 239; *Schneider v. Stewart*, 170 Kan. 158, 162, 223 P. 2d 698; *In re Estate of Modlin*, 172 Kan. 428, 434, 241 P. 2d 692, and other decisions to the same effect listed in West's Kansas Digest, Negligence, § 136 [9] [10], Appeal and Error, § 927 [5], and Trial, § 156 [2] [3]) that in ruling on a demurrer to the evidence an appellate court does not weigh or compare contradictory testimony but must accept all evidence as true, give it the benefit of all inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it.

While some of the undisputed facts disclosed by the record are not required to dispose of the issue raised by the demurrer, that appellee was guilty of contributory negligence precluding his recovery as a matter of law, they are nevertheless essential to a proper understanding of the factual picture existing just prior to the moment of the involved collision and should be related. They can be stated thus: Wayne street running north and south and West Fifteenth street running east and west in the City of Topeka inter-

sect at a point in the southwest portion of such city. At that point there were no stop signs and no obstructions or buildings which kept the drivers of motor vehicles from observing traffic approaching from any direction on the date in question. On the afternoon or early evening of March 10, 1948, the appellee, B. F. Blankenship, and five other residents of Topeka, left their place of employment in a 1937 Plymouth sedan for their respective homes traveling north on Wayne street. Appellee was the owner and driver of the automobile. At or about the same time the appellant, Harold F. Fraker, was driving a truck in an easterly direction on West Fifteenth street. It was still daylight and, while it had been storming, and the streets were covered with ice and snow, visibility was such the driver of each vehicle could and should have seen traffic approaching for a considerable distance. Both motor vehicles approached and entered the intersection of Wayne and West Fifteenth streets where a collision occurred and appellee sustained injuries to his person and property.

The evidence as to what took place immediately prior to and how the collision occurred is contradictory and cannot be reconciled. Briefly, and keeping in mind that for immediate purposes we are not permitted to weigh the conflicting evidence, it can be stated the appellee's testimony, which was corroborated in many particulars by five other witnesses who were present in his automobile just prior to and at the moment of the collision, was to the effect that when he was fifteen or twenty feet away from the intersection he slowed down to a speed of five miles per hour; that he approached the south curb line of Fifteenth street at that speed and when he reached such point looked to the west and observed appellant's truck was then two blocks away and traveling in an easterly direction toward the intersection; that at that moment he could not tell how fast such truck was traveling; that with the truck that far away he thought he had time to safely cross the intersection; that he then entered the intersection at a slow rate of speed; that it was not until he entered the intersection he realized appellant was approaching at too fast a rate of speed; that he had passed the center of the intersection when appellant's truck entered it and collided with his automobile; and that he would have been able to safely cross the intersection if appellant had not been coming so fast.

The record is replete with evidence showing that appellee entered the intersection first. Therefore, although it has not been cited or relied on specifically in appellee's brief or argument, we are bound

to take judicial notice of the then existing provisions of our statute, now appearing in G. S. 1949, 8-550, which we pause to point out have application under and by virtue of the provisions of what was then and is now G. S. 1949, 8-507, expressly providing that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

In view of what has been heretofore related we are not only unwilling to say the evidence established appellee was guilty of contributory negligence as a matter of law but have little difficulty in concluding, giving it the benefit of inferences to which it is entitled under the applicable rule, that it was of such character reasonable men in the exercise of fair and impartial judgment might reach different conclusions as to what was the proximate and legal cause of the collision. This, under the decisions to which we have referred, means that the trial court did not err in overruling the demurrer and submitting such issue to the jury.

The conclusion just announced finds ample support in our decisions. See, e. g., *Lawrence v. Kansas Power & Light Co.*, 167 Kan. 45, 204 P. 2d 752, involving somewhat similar facts and calling for application of identical principles, where, in reaching a like conclusion, we said:

"The legal questions here involved are so well settled in our law that they need not be labored. The actions were ones at common law in which plaintiffs sought damages alleged to have resulted from defendant's negligence, and defendant had pleaded contributory negligence of the plaintiffs. These are the kinds of actions in which each party is entitled to a trial by jury as a matter of right. They should not be converted into trials by the court. Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged has been established. Before the court should make such a holding the evidence should be so clear that reasonable minds, considering it, could have but one opinion, namely, that the party was negligent. In these cases we think the contributory negligence of plaintiffs was clearly a question of fact for the jury. More than that, plaintiffs were not required to anticipate that with their car in the intersection defendant's bus would be driven into it and against their car at a speed of twenty-five to thirty miles per hour, with its driver not watching enough to know that the car was in the intersection. Under the evidence the jury might very well have found such acts of defendant to be the proximate cause of the injury." (p. 49.)

For other decisions to the same effect see *Scheve v. Heiman*, 142 Kan. 370, 47 P. 2d 70; *Sullivan v. Johnston*, 164 Kan. 386, 190 P. 2d 417; *Schneider v. Stewart*, supra; *Fry v. Cadle*, 171 Kan. 14, 17, 229 P. 2d 724.

Appellant's claim the trial court erred in overruling its motion for judgment on the special findings requires an examination of answers made by the jury to special interrogatories submitted by the trial court which read:

"Q. 1. Did the plaintiff, Blankenship, at the time he started forward into the intersection, look in a careful and discerning manner for cars approaching from the West? A. YES.

"Q. 2. State whether the plaintiff, Blankenship, carefully and correctly observed the following. a. The distance that defendants' truck was West of the intersection as he approached the intersection? A. NO. b. The speed at which defendants' truck was approaching the intersection? A. NO.

"Q. 3. If you answer the above question in the negative then state what, if anything, prevented plaintiff from seeing defendants' truck? A. NOTHING.

"Q. 4. Was the plaintiff, Blankenship, guilty of any negligence? A. NO.

"Q. 5. Is this one of those accidents described in the Court's instructions? A. NO.

"Q. 6. Do you find both drivers guilty of negligence? A. NO.

"Q. 7. Was the defendant guilty of negligence? A. DRIVING A LITTLE TOO FAST FOR CONDITION OF STREET.

"Q. 8. If you find for the plaintiff state what, if anything, you allow on the following items: Damage to his car? A. $323.32. Personal injuries? A. NONE. Medical expenses? A. $20.00. Transportation? A. $5.00. TOTAL: $348.32."

The gist of all contentions advanced by appellant in support of this claim is that the answers to questions 2 and 3 show conclusively that appellee did not look in an intelligent manner and did not observe that which was in plain view, hence he was negligent and judgment should have been entered on such findings notwithstanding the answers to other special questions and the general verdict. We are not disposed to labor the arguments advanced by appellant in support of this claim of error. It suffices to say the short and simple answer to all of them is to be found in pronouncements made by this court in the respective opinions of *Schneider v. Stewart*, supra; *Sullivan v. Johnston*, supra; and *Scheve v. Heiman*, supra, wherein it is said in substance that, under conditions and circumstances such as are here involved, the operator of an automobile entering the intersection of a city street may assume that others driving automobiles upon the streets will observe the law and is not guilty of contributory negligence in acting upon that assumption unless and until he has knowledge to the contrary even though prior to that time he had failed to correctly gauge how far an approaching automobile was from the intersection and the rate of speed at which it was traveling.

The judgment is affirmed.