No. 41,004

PAUL ZIEGELASCH, *Appellee,* v. LEON DURR, *Appellant.*

(326 P. 2d 295)

Opinion filed June 7, 1958.

*John J. Riling* and *Eugene C. Riling,* of Lawrence, argued the cause, and were on the briefs for the appellant.

*James N. Snyder,* of Leavenworth, argued the cause, and *Milton P. Allen,* of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In the court below, appellee sued appellant for damages claiming that appellee had suffered property damage and personal injuries in an automobile collision caused by the negligence of appellant. In the trial of the action plaintiff received a verdict and judgment in his favor and defendant appeals. We shall continue to refer to the parties as they appeared in the district court.

The collision between the 1929 Ford driven by plaintiff and the 1953 Ford driven by defendant occurred during the daytime at the intersection of Kansas State Highway No. 32 and Reno Township Road, in Leavenworth county, a few miles east of Lawrence. The state highway is a through highway protected by stop signs, and runs generally east to west. The highway is blacktopped with pavement approximately twenty-four and one-half feet wide. Defendant was travelling the highway in an easterly direction. There were stop signs at the intersection in question commanding all traffic on the township road to stop before entering the highway, and the signs were placed on the township road some eighteen feet back from each side of the pavement of the highway.

The township road intersects the highway at approximately right angles running north and south. Plaintiff approached the highway from the north proceeding south.

The undisputed evidence showed that the north approach of the township road to the highway was clear for some ninety feet from the center of the highway up to a fence, and that from there on north the township road was obscured by sunflowers and weeds which were higher than an automobile.

At the close of the evidence, the trial court included in its instructions to the jury one instruction covering the doctrine of Last Clear Chance. The jury, as noted above, returned a general verdict for the plaintiff, and answered special questions, submitted to them by the court, as follows:

"SPECIAL QUESTIONS

"(1) Was the defendant guilty of negligence which was a proximate cause of the collision in question? Answer: Yes.

"(2) If your answer to question number 1 is yes, state what such negligence was. Answer: Defendant didn't take full advantage of last clear chance.

"(3) Was the plaintiff guilty of negligence which contributed to and was a proximate cause of the collision in question? Answer: No.

"(4) If your answer to question number (3) is yes, state what such negligence was. Answer: _____.

"(5) Did the plaintiff stop at the stop sign before entering on Kansas Highway 32? Answer: In our judgment—No.

"(6) If your answer to question number (5) is no, then state how far west of the intersection in question the defendant was when he first observed, or by the exercise of due care should have observed, that the plaintiff was not going to stop at the stop sign. Answer: 150 feet.

"(7) What rate of speed was the plaintiff's car travelling at the time the collision took place between the two automobiles? Answer: 40 miles.

"(8) What rate of speed was the defendant's car travelling when it reached a point approximately 100 feet west of the intersection in question? Answer: 55 miles."

In his appeal to this court, defendant first assigns as error, the overruling of his demurrer to plaintiff's evidence. It would appear clear that defendant is not now in a position to urge any error of the trial court in that respect in this appeal under the particular facts of this case. Defendant demurred at the close of plaintiff's evidence, and the trial court overruled the demurrer. Defendant then proceeded to introduce his own evidence and rested, and allowed the case to be submitted to the jury without again raising the sufficiency of all of the evidence to show a prima facie case for the plaintiff by moving for a directed verdict at the close of all of the evidence. It would seem clear that from a consideration of our former cases, defendant had an obligation to interpose such a motion for directed verdict if he wished to preserve the question of the sufficiency of the evidence as a matter of law for review by this court. Furthermore, he had an obligation to direct the trial court's attention to this point at the end of all of the evidence.

This court has long held that if defendant demurs to plaintiff's evidence, and after the demurrer is overruled, proceeds to introduce his own evidence, he may cure any insufficiency of plaintiff's evidence; that at the close of all of the evidence, its sufficiency to go to the jury must be determined by a consideration of both the evidence introduced by plaintiff and evidence introduced by defendant. Some of the former cases so holding, without attempting to make a complete list, are: *Henks v. Panning,* 175 Kan. 424, at 430, 264 P. 2d 483; *Tuggle v. Cathers,* 174 Kan. 122, at 127, 254 P. 2d 807; *Railway Co. v. Bentley,* 78 Kan. 221, Syl. ¶ 1, 93 Pac. 150; *Woodmen Circle v. Stretton,* 68 Kan. 403, Syl. ¶ 1, 75 Pac. 472.

In view of the holding of this court in the above cases, it would seem clear that if after having had his demurrer to plaintiff's evidence overruled and having proceeded to introduce his own evidence, defendant at the close of all of the evidence still maintains that the case should not be submitted to the jury upon the facts established by the entire evidence, he must then direct the trial judge's attention to that contention by moving for a directed verdict in defendant's favor. The absence of such a motion must be construed as a waiver of such a contention.

The above well-reasoned rule seems to be well established in many of the other jurisdictions. In the leading case of *Spencer v. State of New York*, 187 N. Y. 484, 80 N. E. 375, the Court of Appeals of New York said:

"If the appellant's contention is correct, then there was no evidence upon which the Court of Claims could render judgment in favor of the plaintiff, and his complaint should have been dismissed as a matter of law upon a motion for a nonsuit. Such motion was duly made at the close of the plaintiff's case and denied. Defendant then proceeded to offer evidence upon its behalf and at the close of all of the evidence the motion for a nonsuit was not renewed, but the case was submitted to the court for consideration, and thereafter what amount to findings of fact were made and judgment rendered. In fact, the request made at the close of all the evidence by the deputy attorney-general that the court should 'Find that it was no part of Mr. Patterson's duty to be on this bridge and he was not in any sense acting as the officer, agent or servant of the State in doing what he did do that caused the injury,' seems almost to imply the idea of a question of fact to be passed upon. Certainly it was not fairly a motion for a nonsuit, and no ruling was made and consequently no exception taken which would enable this court to pass upon the rights of the defendant as they then stood.

"It is well settled that upon a trial the defendant may supply deficiencies in plaintiff's proof, and that in courts of record at least, the failure to renew or make a motion for a nonsuit at the close of all of the evidence will be regarded as an admission that there is some question of fact to be passed upon and a waiver of the right to have the complaint and case dismissed as a matter of law. (Citing cases.)" (p. 485.)

Some of the more recent cases of like import in other jurisdictions are: *Novick v. Gouldsberry*, (Alaska) 173 F. 2d 496; *Graham v. Guarantee Trust Life Ins. Co.*, (Mo. App.) 267 S. W. 2d 692; *Beck v. Monmouth Lumber Co.*, 137 N. J. L. 268, 59 A. 2d 400; *Hawkins v. Dallas*, 229 N. C. 561, 50 S. E. 2d 561; *Sprinkle v. Reidsville*, 235 N. C. 140, 69 S. E. 2d 179. It should be noted that in many jurisdictions, the "compulsory nonsuit" is used in place of our "demurrer to the evidence" as defined by G. S. 1949, 60-2909, *Third*. Of

course, our "demurrer to the evidence" is quite different in effect from a demurrer to the evidence at common law, where the party demurring waived the right to introduce evidence, if the demurrer should be overruled.

Now, turning to the other assignments of error, and the undisputed facts of the case together with the answers of the jury to special questions, it seems clear that the appeal should be disposed of quickly.

Plaintiff himself introduced in evidence a table showing the number of feet per second traveled by an automobile when travelling at various speeds. This same table is available as issued by the Kansas State Highway Commission and could probably have been noticed judicially by either the trial court or this court. In answer to special question No. 7, *supra*, the jury found that plaintiff was travelling at the speed of forty miles an hour at the time of the collision. Defendant testified he thought plaintiff was driving at a speed of thirty-five miles an hour when plaintiff passed the stop sign on the north side of the highway.

Thus, the seventy-three year old plaintiff driving at those speeds would emerge from behind the sunflowers at the post ninety feet north of the center of the state highway, and into a position from which he could observe the highway, and within less than two seconds be in the center of the highway. The jury found he did not stop at the stop sign (special question No. 5). We interpret plaintiff's evidence to be to the effect that he did not see defendant until plaintiff was actually crossing the highway pavement, although he also testified he could see up the road a quarter of a mile.

It would seem clear from the facts of this case that plaintiff's negligence never ceased, but continued up to the time of the accident. It is universally recognized that in order to be in a position to invoke the doctrine of last clear chance, plaintiff's own negligence must have ceased before the happening of the accident. The jury was so instructed in this case. (*Ross v. Chicago, R. I. & P. Rly. Co.,* 165 Kan. 279, 194 P. 2d 491; *Gilbert v. Railways Co.,* 109 Kan. 107, p. 110, 197 Pac. 872; *Gilbert v. Railway Co.,* 91 Kan. 711, p. 718, 139 Pac. 380; *Himmelwright v. Baker,* 82 Kan. 569, 109 Pac. 178.)

The plaintiff relies heavily upon the case of *Scott v. Bennett,* 181 Kan. 410, 312 P. 2d 224. In that case, a majority of the court were of the opinion that the findings of the jury substantiated the doctrine of last clear chance, and the general verdict for the plaintiff.

The facts of that case differed somewhat from the facts of this case. Here the court is of the opinion that the findings of specific facts by the jury foreclose plaintiff from contending that his own negligence, as clearly established by the findings, ceased before the collision. That the answer to special question No. 3, *supra,* was a conclusion is clear. It almost amounts to a conclusion of law. It is therefore controlled by the undisputed facts and the specific findings. (See cases cited, *Scott v. Bennett,* supra, page 414.) Those specific facts prevent a general verdict and judgment in plaintiff's favor.

Although there was no motion for judgment notwithstanding the verdict, the trial court approved the answers to special questions and overruled a motion for a new trial. Therefore, this court is empowered to direct a final judgment upon the established facts. (G. S. 1949, 60-3317, *Bolinger v. Giles,* 125 Kan. 53, Syl. ¶ 4, 262 Pac. 1022; *Byer v. Byer,* 180 Kan. 258, 303 P. 2d 137.)

The judgment in favor of the plaintiff should be reversed, and the trial court is ordered to enter judgment upon the special findings of the jury in favor of the defendant.

It is hereby so ordered.