No. 41,301

ADELINE FRANCIS, *Appellee*, v. THE CITY OF WICHITA, a Municipal Corporation, *Appellant*.

(337 P. 2d 678)

Opinion filed April 11, 1959.

*Robert C. Helsel*, of Wichita, argued the cause, and *Fred W. Aley* and *Eugene L. Pirtle*, of Wichita, were with him on the briefs for appellant.

*William L. Fry*, of Wichita, argued the cause, and *Harry Gillig*, of Wichita, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The action was one for damages for personal injuries sustained by plaintiff when she tripped and fell on a broken side-

walk. The city of Wichita has appealed from the order of the trial court overruling its demurrer to plaintiff's evidence.

A brief summary of plaintiff's evidence discloses that at about 8:30 o'clock on the morning of February 17, 1956, plaintiff was walking on the sidewalk from her home on Franklin Street to a bus stop when she tripped and fell, suffering injuries. The sidewalk where she tripped was broken and raised some five inches. In walking toward the bus stop the section of the sidewalk which was broken sloped upward. Plaintiff lived nearby and had passed the defective portion many times but had avoided it by keeping it in mind. On the morning in question she was walking at a normal gait but did not remember the defect until she tripped and fell.

At the close of plaintiff's case, the city demurred to her evidence upon the ground that it failed to establish a cause of action in favor of plaintiff and against the city. The demurrer was argued and overruled.

Following the overruling of its demurrer, the city presented its evidence in full after which the jury was instructed by the court and special questions were submitted. After deliberating for approximately one full day, the jury advised the court it was unable to agree upon a verdict and, being satisfied there was no probability of its reaching a verdict, the court announced that it should be discharged from further consideration of the case. However, prior to declaring a mistrial and placing the cause on the docket for a new trial, the city renewed its demurrer to the plaintiff's evidence upon the same ground as previously urged, *i. e.*, that plaintiff's evidence did not prove a cause of action in her favor and against the city, which was overruled. Thereafter, the court declared a mistrial and discharged the jury.

The city first specifies as error the overruling of its demurrer to plaintiff's evidence. Under the well-established rule of this court, the city is not now in a position to urge the trial court erred in that respect under the particular facts of this case. As indicated, the city demurred at the close of plaintiff's evidence and the trial court overruled the demurrer. Thereafter, the city proceeded to introduce its evidence and rested, and allowed the case to be submitted to the jury without again raising the sufficiency of all of the evidence to show a prima facie case by renewing its demurrer or by moving for a directed verdict. Where a defendant demurs to plaintiff's evidence, which demurrer is overruled, and then proceeds to introduce his own evidence, he may cure any insufficiency of plaintiff's evidence so that at the close of all the evidence its sufficiency to

go to the jury must be determined by a consideration of the evidence introduced by both the plaintiff and the defendant. (*Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581; *Ziegelasch v. Durr,* 183 Kan. 233, 235, 326 P. 2d 295, and cases cited; *In re Estate of Rogers,* 184 Kan. 24, 334 P. 2d 830; 89 C. J. S., Trial, § 666, p. 511.) In *In re Estate of Rogers,* supra, it was held:

"Where a defendant does not stand upon his demurrer to the plaintiff's evidence, but introduces evidence in his own behalf, the question whether the evidence is sufficient to warrant the submission of plaintiff's case to the jury is to be determined on the basis of all the evidence and not on plaintiff's evidence alone. Under such circumstances, if the defendant does not at the close of all the evidence renew his demurrer or move for a directed verdict, he waives the right to contend the evidence is insufficient to warrant the submission of plaintiff's case to the jury (following *Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295)." (Syl. ¶ 2.)

Under the circumstances here presented and in accordance with the rule established by the foregoing authorities, the city's failure to raise the question of the sufficiency of all the evidence as a matter of law by not renewing its demurrer, or moving for a directed verdict prior to the submission of the cause to the jury, waived any objection thereto and precludes appellate review.

After it was announced the jury was unable to reach a verdict, the city's attempt to renew its demurrer to plaintiff's evidence did not raise the question of the sufficiency of plaintiff's evidence as a matter of law. The demurrer should have been lodged against all the evidence prior to the submission of the cause to the jury. It follows, therefore, that the city's second assignment of error may not be reviewed.

Although the overruling of a demurrer is an appealable order (G. S. 1949, 60-3302, *Second*), the city's specifications of error present nothing for appellate review and the judgment of the trial court overruling the demurrer to plaintiff's evidence must be affirmed.

It is so ordered.