No. 42,041

RUTH CUNNINGHAM, *Appellee,* v. HARRY E. BARNES, *Appellant.*

(360 P. 2d 198)

Opinion filed March 4, 1961.

*Richard F. Hrdlicka,* of Newton, argued the cause, and *Kenneth G. Speir; Vernon A. Stroberg;* and *Herbert H. Sizemore,* all of Newton, and *David W. Wheeler;* and *Edwin G. Westerhaus,* both of Marion, were with him on the briefs for the appellant.

*John E. Wheeler,* of Marion, argued the cause, and *Owen S. Samuel,* of Emporia, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for personal injuries sustained by the plaintiff as the result of an automobile collision at an unmarked intersection of two county roads in Marion County, Kansas.

Plaintiff commenced the action by filing a petition, no part of which is abstracted. Defendant's motion to make this pleading more definite and certain was sustained.

Thereupon plaintiff filed an amended petition, hereinafter referred to as the petition. This pleading complied with all rulings made on the motion and, in the face of the record presented, is entitled to a liberal construction under our statute (G. S. 1949, 60-736) and decisions (*Allen v. Brown*, 181 Kan. 301, 310 P. 2d 923) construing its force and effect.

Thereafter defendant demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action in that the matters and allegations therein contained conclusively showed that, at all times material, plaintiff was guilty of negligence which proximately caused or contributed to her injuries and thereby barred her recovery. When this demurrer was overruled defendant perfected the instant appeal.

Omitting formal and inconsequential averments, allegations relating to the extent of the injuries sustained and the prayer, portions of the amended petition necessary for a proper understanding and disposition of the claims made by the appellant with respect to the ruling on the demurrer read:

"Fourth: Plaintiff further alleges that on the 29th day of March, 1957, the defendant was engaged in driving a certain 1951 Chevrolet four-door automobile, the property of the defendant, in a southerly direction along a county road running north and south . . .; that said county road intersects a county road running east and west . . . all in . . . Marion County, Kansas; that said county roads hereinbefore referred to were approximately 20 feet wide and in good and fit condition for travel; that the said defendant as he approached said intersection was operating and driving his said automobile at a negligent and reckless rate of speed, to wit: approximately between 50 and 60 miles per hour, a rate of speed greater than was reasonable and prudent under the conditions then existing. That such speed made defendant unable to avoid striking the oncoming automobile of plaintiff and unable to stop or turn aside his automobile within his line of vision. That, in truth and in fact, the defendant was driving in such manner that he could not correlate his speed as he approached and entered the intersection aforesaid to avoid colliding into plaintiff's station wagon, which was the approximate cause of the injuries sustained by plaintiff.

"That the said defendant approached this intersection from the left of the plaintiff's automobile which was on the right traveled portion of the road and traveling on the east and west road in an easterly direction, and then and there failed to yield the right-of-way to plaintiff's automobile which had entered the intersection first from the west toward the east.

"That on said date Section 8-550 of the General Statutes of the State of Kansas, 1949 was in full force and effect, regulating the manner of approach into intersections and which said defendant violated as herein stated. That said defendant negligently failed and neglected to slow down, turn aside,

stop and yield the right-of-way to plaintiff as it was defendant's statutory duty, and which constitutes a violation of the statute aforesaid and endangered the safety of other persons on the highway including this plaintiff.

"Plaintiff further says that at the time and place herein complained of, plaintiff's station wagon had crossed over the center line of said intersection of said highway running north and south before the automobile of defendant collided into the station wagon being driven by plaintiff.

"Plaintiff further says that defendant failed to keep a proper look-out in both directions for traffic rightfully using the highway, and particularly to his right hand side; that the said defendant failed to turn aside from the direction in which his automobile was traveling in a southerly direction, although there were ample space and opportunity to do so, thereby avoiding running into and against the station wagon being driven by plaintiff.

"Plaintiff further says that there is no obstruction on the said highway running east and west, and north and south, and that the vision of defendant was unobstructed and that the said collision complained of herein occurred at approximately 5:45 P. M. on said date.

"FIFTH: That the said plaintiff, on said day, at the times hereinbefore mentioned was driving a Chevrolet station wagon from west to east along the east and west county road which intersects the north and south county road as hereinbefore alleged, and that just prior to the time and as plaintiff approached said intersection that she slackened the speed of said station wagon she was driving at the rate of 45 miles per hour. That just prior to entering said intersection she slackened her rate of speed to 30 miles per hour, looked in both directions north and south; that her view was unobstructed, and that as she entered the said intersection there was no one in sight traveling from either direction, north or south, approaching said intersection on said county road. That plaintiff drove into said intersection at the rate of 30 miles per hour; that defendant, without regard to the Statutes of the State of Kansas and to the rules of traffic, drove his said automobile in such a careless and negligent manner and on the wrong side of the public highway that the car he was driving ran into the car being driven by plaintiff with great force and violence striking the plaintiff's automobile at the left rear bumper, and by reason of such impact the said station wagon being driven by plaintiff was turned over and knocked a distance of approximately 72½ feet from the original point of impact."

Ignoring all allegations of the FOURTH paragraph and the third full sentence of the FIFTH paragraph of the petition, as heretofore quoted, and without citing any decisions supporting his position the trial court erred in overruling his demurrer to the petition, the gist of all contentions advanced by appellant is that the allegations set forth in the first and second sentences of the FIFTH paragraph of that pleading, in and of themselves, convict appellee of contributory negligence which bars her recovery in the instant action as a matter of law. Let us see. In testing the sufficiency of a petition by a demurrer in an action to recover damages for injuries

sustained in a motor vehicle collision the established rule in this jurisdiction, as we understand it, is that violations by the plaintiff of existing laws and rules of the road regulating traffic upon the streets and highways, although they appear on the face of the petition, do not necessarily compel a conclusion the plaintiff is guilty of negligence which precludes him from recovery as a matter of law; and that to prevent recovery it must affirmatively appear from other allegations of the petition that such violations were the proximate and legal cause of his injuries. (See, e. g., *Crawford v. Miller,* 163 Kan. 718, 186 P. 2d 116, and decisions there cited.)

Mindful, that in construing the sufficiency of any pleading, our decisions (See *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496; *Kitchen v. Smith,* 184 Kan. 188, 334 P. 2d 413) require that all of its allegations must be considered together and it is not proper to segregate allegations and determine their sufficiency without regard to the context of the whole pleading, we have carefully examined the amended petition. Since pertinent allegations thereof have been heretofore set forth at length it would serve no useful purpose and it is neither necessary nor required that we here repeat them. It suffices to say that having examined the petition in the manner indicated we have no difficulty, upon application of the established rule set forth in the preceding paragraph of this opinion, in concluding the allegations of the petition do not affirmatively disclose that appellee was guilty of contributory negligence which precludes her recovery as a matter of law. It follows the trial court did not err in overruling appellant's demurrer to the petition.

The judgment is affirmed.