No. 42,679

ALFRED RAY CARPENTER, *Appellee*, v. BERT LOGAN STRIMPLE, *Appellant*.

(372 P. 2d 571)

Opinion filed June 9, 1962.

*T. Richard Liebert*, of Coffeyville, argued the cause, and *A. R. Lamb, Paul A. Lamb*, and *Frank W. Liebert*, all of Coffeyville, were with him on the briefs for the appellant.

*Roy Kirby*, of Coffeyville, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for personal injuries sustained by the plaintiff in a motor vehicle collision at the intersection of two city streets. Plaintiff recovered. The defendant has appealed from orders overruling his demurrer to the amended petition, his demurrer to plaintiff's evidence, his motion for a directed verdict, his motion to set aside answers to special questions, his motion for judgment *non obstante*, his motion for a new trial, and from the judgment entered by the trial court.

In the face of the record presented the amended petition, which was attacked by demurrer on the basis it failed to state facts sufficient to constitute a cause of action in that it showed on its face that plaintiff was guilty of contributory negligence as a matter of law, is subject to a liberal construction under our statute (G. S. 1949, 60-736). That pleading sets out the facts on which the propriety of the ruling on the demurrer depends and contains other

informative allegations essential to a proper understanding of the factual situation existing at the time of the collision in question. Therefore, omitting formal and inconsequential averments, numerous allegations relating to the nature and extent of plaintiff's conceded injuries and resulting damages and the prayer, we shall quote from such pleading at length. It reads:

". . . Linden Street is and was a north-south street located in a residential area in the northeast section of the city of Coffeyville. It is intersected by Second Street, which runs east and west. Both streets are of blacktop construction, and no traffic control signal exists at the point where said streets intersect. At the point of intersection Linden Sreet has a travel surface of approximately 20 feet in width and Second Street has a travel surface of approximately 26 feet in width.

"On or about April 7, 1960 at approximately 12:50 p. m., plaintiff (Alfred Ray Carpenter) was driving his Cushman 'cracker box' motor scooter north on Linden Street on his way to work . . . He was alone. The weather was clear and the road surface was dry. As plaintiff approached the intersection of Linden and Second Streets, his speed was not in excess of 15 miles per hour.

"In the area south east of the place where the two streets intersect, there are no buildings or other obstructions in the immediate vicinity, so that drivers of vehicles approaching the intersection both from the east on Second Street and from the south on Linden Street have, if they observe it, a clear view of each other for a distance of at least one-half block from the intersection.

"As plaintiff reached a point approximately 75 to 100 feet south of the intersection, while riding his scooter on his own or right side of the street, he observed defendant (Bert Logan Strimple), driving a 1941 Oldsmobile 4-door sedan, coming from the east on Second Street toward the intersection. At that time defendant was at least 200 to 250 feet east of the intersection and far enough to the east not to constitute an immediate hazard to plaintiff's continued movement to the north and into said intersection. . . .

"Plaintiff continued in his northward movement at the same speed, looking both to his left and ahead of him until he reached a point approximately 10 to 15 feet south of the south edge of the intersection when he again looked to his right. Plaintiff's motor scooter was in his own right hand lane of travel. At that time defendant's vehicle was at least 50 feet east of the intersection, was in approximately the center of Second Street, and it was continuing at the same speed and without any reduction thereof. Plaintiff estimates defendant's speed at that time to be approximately 35 to 40 miles per hour. Plaintiff immediately applied his brakes and began stopping his motor scooter and attempted to maneuver it to the right to avoid being hit broadside by defendant who continued his westward direction without observing plaintiff, without reducing his speed and without maneuvering to avoid an impending collision.

"After plaintiff entered the intersection, defendant then entered the intersection. By attempting to maneuver his motor scooter to the right, the scooter was caused to spin and plaintiff was able to avoid being struck broadside by

defendant's automobile, but was unable to avoid making contact with the same at about the leading edge of the left front door thereof. The collision occurred in approximately the center of the intersection.

"Defendant still did not slow or swerve his vehicle but continued westward at the same rate of speed as before, and as his car went by plaintiff, who was still on his motor scooter, plaintiff's right leg was caught under the left rear bumper of defendant's car and the leg was so badly severed that it became necessary shortly thereafter to amputate the same.

"Defendant was negligent in the operation of his vehicle in one, more or all of the following particulars:

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"(c)  In failing to yield the right of way to plaintiff whose motor scooter had entered the intersection ahead of defendant's vehicle.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"(e)  In failing to reduce the speed of his vehicle as he approached the intersection contrary to law."

Following the overruling of the demurrer to the amended petition defendant filed his answer wherein he admitted that an accident, involving an automobile driven by him and a motor scooter driven by plaintiff, occurred at approximately the time and place alleged in the amended petition; denied generally all other allegations contained in that pleading; and charged that any damages or injuries sustained by plaintiff were occasioned by and were the proximate result of plaintiff's own acts of negligence (describing them) at or about the time and place of the accident.

In his reply plaintiff denied generally all allegations of the answer.

With issues joined as indicated the cause came on for trial by a jury. Plaintiff adduced his evidence and rested. Thereupon defendant demurred to such evidence on the ground it did not prove a cause of action in favor of the plaintiff and against him in that such evidence showed plaintiff was guilty of negligence that contributed to his injuries. This demurrer was overruled. Defendant then presented his evidence and, at the close of all the evidence, did not renew his demurrer. Thereupon the court, after giving written instructions, submitting special questions and permitting arguments by counsel for the respective parties, on April 26, 1961, directed the jury to retire to the jury room for the purpose of considering its general verdict and its answers to the submitted special questions. No verdict having been reached by the jury by 5 p. m. of that day the court admonished the jury and recessed until 9 a. m. on April 27, 1961. On the morning of that date counsel for the parties appeared in open court. Defendant asked leave to file a motion for a directed verdict. Plaintiff objected. The court granted defendant's

request and, after the motion had been filed, overruled it. Subsequently the jury was directed to again retire to the jury room and further deliberate. Later, and on the same day, it returned into open court with a general verdict in favor of plaintiff and its answers to the submitted special questions. These were accepted by the trial court and the jury was then discharged.

The special questions and the answers read:

"1. Did the motor scooter strike the rear of the automobile driven by the defendant? Answer: No.

"2. If you answer Question No. (1) in the negative, then state the point on defendant's automobile where the motor scooter struck defendant's automobile. Answer: Left front door.

"3. At the time of the collision, was part of defendant's automobile in the west portion of the intersection of Second and Linden Streets? Answer: Yes.

"4. If you answer Question No. (3) in the negative, then state where the front of defendant's automobile was located in the intersection of Second and Linden Streets at the time of the collision. Answer:

"5. Was any part of defendant's automobile in the intersection at the time plaintiff's motor scooter entered the intersection? Answer: No.

"6. If you answer Question No. (5) in the negative, then state whether the automobile driven by the defendant and the motor scooter entered the intersection at the same time. Answer: No.

"7. How far to the east could plaintiff have seen defendant's automobile as it approached the intersection? Answer: Approx. 230 feet.

"8. Did you find the defendant guilty of any act or acts of negligence which were the proximate cause of plaintiff's injuries? Answer: Yes.

"9. If you answer Question No. (8) in the affirmative, then state the act or acts of negligence of which you find defendant guilty. Answer: Not yielding Rightway or slowing down for intersection.

"10. Do you find that the plaintiff's injuries were occasioned by the negligence of both the plaintiff and defendant? Answer: No."

Within three days after the jury reached its decision defendant filed his motion for a new trial, his motion to set aside the answers to special questions and his motion for judgment *non obstante*. On May 5, 1961, the court upon request of the defendant, postponed a hearing on the foregoing motions but, on plaintiff's request, approved the general verdict and rendered judgment against the defendant in accord with its terms. On May 26, 1961, after a full and complete hearing, the court overruled all three of the foregoing motions. Thereafter, and within due time, defendant perfected his appeal from the rulings, orders and judgments described in the first paragraph of this opinion.

The issues involved in this case will be simplified by stating at the outset that, although appellant specified all rulings just men-

tioned as error in his abstract, claims of error in his brief are limited to three questions. The established rule of this jurisdiction (See *Ferrellgas Corporation v. Phoenix Ins. Co.,* 187 Kan. 530, 358 P. 2d 786; *Hughes v. Atkinson,* 188 Kan. 413, 417, 362 P. 2d 618) is that specified errors not argued in the brief must be regarded as abandoned. We shall adhere to the rule and here limit appellate review accordingly.

The first claim of error made by appellant is that the trial court erred in overruling his demurrer to the amended petition. The gist of all contentions advanced by him on this point is that factual averments and allegations to be found in such pleading, particularly those relating to appellee's conduct, just prior to the accident, with respect to existing laws and rules of the road regulating traffic upon the city streets, conclusively show appellee was guilty of contributory negligence which precluded his recovery as a matter of law. Let us see.

Where—as here—a challenged pleading is subject to a liberal construction a demurrer admits all well pleaded facts and its allegations must be liberally construed in favor of the pleader and all reasonable inferences to be drawn therefrom must be indulged in his favor (Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 35, 155; West's Kansas Digest, Pleading, §§ 34 [1], 214 [2]).

In testing the sufficiency of such a pleading, when challenged by a demurrer, in an action to recover damages for injuries sustained in a motor vehicle collision, violations by the plaintiff of existing laws and rules of the road regulating traffic upon streets and highways, although they appear on the face of the amended petition, do not necessarily compel a conclusion the plaintiff is guilty of negligence which precludes his recovery as a matter of law. To prevent his recovery it must affirmatively appear from other allegations of the amended petition that such violations were the proximate and legal cause of his injuries. (*Cunningham v. Barnes,* 187 Kan. 663, 360 P. 2d 198; *Miller v. Crawford,* 163 Kan. 718, 186 P. 2d 116.)

Mindful, that in construing the sufficiency of any pleading, our decisions (See *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496; *Kitchen v. Smith,* 184 Kan. 188, 334 P. 2d 413) require that all of its allegations must be considered together and it is not proper to segregate allegations and determine their sufficiency without regard to the context of the whole pleading, we have carefully examined the amended petition. Since its pertinent allegations have been

heretofore set forth at length it would serve no useful purpose and it is neither necessary nor required that we here repeat them. It suffices to say that having examined such pleading in the light of the foregoing rules we have little difficulty in concluding its allegations do not affirmatively disclose that appellee was guilty of contributory negligence precluding his recovery as a matter of law. It follows the trial court did not err in overruling the demurrer to the amended petition. In leaving the point it should be stated we are cited to, and our research discloses, no Kansas cases warranting a contrary conclusion. All decisions relied on by appellant to support his position on the point deal with situations where, after joinder of issues by pleadings, demurrers to evidence have been either sustained or overruled. For that reason those decisions are clearly distinguishable.

The second claim urged by appellant as grounds for reversal of the judgment is that the admissions of the appellee in his pleadings and at the trial, together with the findings of the jury, establish as a matter of law that appellee was guilty of contributory negligence.

That the established rule of this jurisdiction is that a plaintiff's contributory negligence will bar him from recovery in an action for damages sustained in an automobile casualty if it affirmatively appears from all the evidence adduced in the action that his negligence contributed to and was the proximate cause of the injuries sustained by him in the accident cannot be questioned.

On the other hand the rule is equally well-established that, when the evidentiary facts relating to contributory negligence are such that men of reasonable minds might reach different conclusions, the question is for the trier of facts, otherwise it is one of law. See, e. g., *Keir v. Trager*, 134 Kan. 505, 7 P. 2d 49; *Sponable v. Thomas*, 139 Kan. 710, 33 P. 2d 721; *Jones v. McCullough*, 148 Kan. 561, 83 P. 2d 669.

For one of our latest pronouncements in connection with the rule last stated see *Krentz v. Haney*, 187 Kan. 428, 357 P. 2d 793.

Mindful that it must be construed in the light of the rules just mentioned, we turn to the evidence on which the claim now under consideration must stand or fall. We have carefully examined the record and do not deem it necessary to detail the evidence. It suffices to say that examination discloses evidence which, at least in substance, is sufficient to warrant a conclusion that all factual allegations of the amended petition, as heretofore quoted, have

been substantially established as therein alleged and, except for a few details to be presently mentioned, may be considered as the controlling evidence.

Based on its fair import further details of the evidence, not found in the amended petition but established by testimony of the appellee and other witnesses who were disinterested, are to the effect that in driving on the street in question and in approaching the intersection appellee was proceeding in a careful and cautious manner with due regard to existing traffic conditions at a speed of about eight to ten miles per hour; that the last time he looked to the east and saw appellant's automobile he was at a point approximately eight to ten feet south of the intersection at which time appellant's automobile was approximately seventy-five feet east of the intersection; that appellee then proceeded into the intersection; and that thereafter appellant, who admitted he did not see appellee until appellee was approximately twenty feet from the intersection, continued westward on Second Street and entered the intersection, notwithstanding appellee had entered the intersection first and was then engaged in maneuvering his motor vehicle in an obvious attempt to avoid an imminent collision.

It is not necessary that we further labor the evidence of record. It suffices to say that, in our opinion, the evidence already referred to, when surveyed in its entirety, discloses conditions and circumstances which could well cause reasonable minds to differ as to whether appellee's conduct in entering the intersection was of such character as to constitute contributory negligence which was the proximate cause of the collision.

It appears to us that in the face of all the evidence the jury may have believed that under the existing facts and circumstances appellee had a right to assume that appellant would obey the law and either slow down before reaching the intersection or yield the right of way (G. S. 1949, 8-550[a]) prior to entering it.

The rule is well-established that an operator of an automobile may assume that others using the city streets will observe the law and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Sullivan v. Johnston,* 164 Kan. 386, 390, 190 P. 2d 417, and decisions there cited.)

For other decisions dealing with the same subject see *Scheve v. Heinman,* 142 Kan. 370, 371, 372, 47 P. 2d 70; *Schneider v. Stewart,*

170 Kan. 158, 163, 223 P. 2d 698; *Blankenship v. Fraker,* 173 Kan. 438, 442, 249 P. 2d 683.

See, also, *State Farm Mutual Automobile Ins. Co. v. Cromwell,* 187 Kan. 573, 358 P. 2d 761, where it is held:

"An operator of a motor vehicle upon a public highway has the right to assume that others using the highway will obey the law, and until he has knowledge to the contrary, he is not guilty of negligence in proceeding." (Syl. ¶ 6.)

Or, for that matter, the jury may have believed that when appellant failed to slow down for the intersection appellee was confronted with an emergency, just prior to or after he entered the intersection. In such a situation the rule, also well-established, is that an operator of a motor vehicle, otherwise obeying the law, who is confronted with a sudden emergency and who, because of want of time in which to form a judgment, acts according to his best judgment but omits to act in a most judicious manner, is not guilty of contributory negligence. (See *Winfough v. Tri-State Insurance Co.,* 179 Kan. 525 [Syl. ¶ 3], 297 P. 2d 159; *Albin v. Munsell,* 189 Kan. 304, 311, 369 P. 2d 323.)

In any event, after serious consideration of all arguments advanced by the parties, we are convinced the evidence in this case presents a situation where what was said by Mr. Chief Justice Harvey in *Lawrence v. Kansas Power & Light Co.,* 167 Kan. 45, 204 P. 2d 752, is clearly applicable and, when applied, must be regarded as decisive of the claim now under consideration. The pertinent portion of that opinion reads:

"The legal questions here involved are so well settled in our law that they need not be labored. The actions were ones at common law in which plaintiffs sought damages alleged to have resulted from defendant's negligence, and defendant had pleaded contributory negligence of the plaintiffs. These are the kinds of actions in which each party is entitled to a trial by jury as a matter of right. They should not be converted into trials by the court. Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged has been established. Before the court should make such a holding the evidence should be so clear that reasonable minds, considering it, could have but one opinion, namely, that the party was negligent. In these cases we think the contributory negligence of plaintiffs was clearly a question of fact for the jury. More than that, plaintiffs were not required to anticipate that with their car in the intersection defendant's bus would be driven into it and against their car at a speed of twenty-five to thirty miles per hour, with its driver not watching enough to know that the car was in the intersection. Under the evidence the jury might well have found such acts of defendant to be the proximate cause of the injury." (p. 49.)

For numerous subsequent decisions where the foregoing statement has been quoted and applied see *Fry v. Cadle,* 171 Kan. 14, 17, 229 P. 2d 724; *Blankenship v. Fraker,* 173 Kan. 438, 441, 249 P. 2d 683; *Siegrist v. Wheeler,* 175 Kan. 11, 15, 259 P. 2d 223; *Roehrman v. D. S. & O. Rural Electric Cooperative Ass'n,* 178 Kan. 52, 60, 283 P. 2d 411; *Thornton v. Bench,* 188 Kan. 89, 93, 360 P. 2d 1065.

Adherence to the legal principles just quoted, as well as other rules to which we have heretofore referred, impels a conclusion that appellant's second claim of error lacks merit and cannot be upheld; and necessarily compels a conclusion the trial court did not err (1) in denying appellant's post trial motions based on contentions the evidence, as a matter of law, convicted appellee of contributory negligence which barred his recovery or (2) in rendering judgment for appellee in accord with the special findings and general verdict of the jury. We find nothing in the jury's findings, heretofore quoted and hence not repeated, which warrant or permit conclusions contrary to those just announced.

It is neither necessary nor required that we prolong this opinion or burden our reports with a detailed review or discussion of the numerous cases cited by appellant's astute and diligent counsel in support of the claim just decided, for, as has been repeatedly pointed out in our decisions (see, *e. g., Nolan v. Hebrew,* 177 Kan. 363, 365, 278 P. 2d 1011; *Siegrist v. Wheeler,* 175 Kan. 11, 16, 259 P. 2d 223; *Sullivan, Administrator v. Davidson,* 183 Kan. 713, 718, 332 P. 2d 507), it must be remembered that every negligence action depends upon the factual situation disclosed by the record on which it is decided, and that other decisions are of little value as legal precedents unless, as rarely occurs, the governing facts and circumstances are similar. All that need be said as to such decisions is to state, that after carefully reviewing them, we find no case among those cited, so similar from the standpoint of facts and circumstances involved, that it can be regarded as a controlling precedent.

In passing it should be noted that in disposing of appellant's second question we have ignored, not overlooked, certain claims made by him in connection therewith, to the effect the trial court erred in overruling his demurrer to appellee's evidence and his motion for a directed verdict, because under the confronting facts and circumstances appellate review of those rulings is precluded. See *In re Estate of Rogers,* 184 Kan. 24, 334 P. 2d 830, where it is held:

"Where a defendant does not stand upon his demurrer to the plaintiff's evidence, but introduces evidence in his own behalf, the question whether the evidence is sufficient to warrant the submission of plaintiff's case to the jury is to be determined on the basis of all the evidence and not on plaintiff's evidence alone. Under such circumstances, *if the defendant does not at the close of all the evidence* renew his demurrer or move for a directed verdict, he waives the right to contend the evidence is insufficient to warrant the submission of plaintiff's case to the jury (following *Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295)." (Syl. ¶ 2.) (Emphasis supplied.)

See, also, *Francis v. City of Wichita,* 184 Kan. 570, 337 P. 2d 678; *State Farm Mutual Automobile Ins. Co. v. Cromwell,* 187 Kan. 573, 575, 358 P. 2d 761.

The third and final claim advanced by appellant is that the trial court erred in permitting counsel for appellee, over objections, to inquire of appellant, while he was testifying on cross-examination as a witness in his own behalf, as to whether he ran a stop sign in the City of Coffeyville and received a parking ticket from the city authorities for doing so some four weeks prior to the date of the trial. Negative answers were given to such inquiries and it does not appear cross-examination on the subject was unduly prolonged or that the rights of the appellant were prejudiced by its extent. We are not disposed to labor contentions to the effect the extent of the cross-examination, or the trial court's action in admitting the evidence introduced in connection therewith, requires the granting of appellant's motion for a new trial. It suffices to say that under similar circumstances like contentions were long ago rejected by this court in *Barshfield v. Vucklich,* 108 Kan. 761, 197 Pac. 205, where it is said:

"On an issue as to the negligence of a driver of an automobile it is ordinarily not admissible to show acts of negligence on other occasions, but where the defendant has testified as to careful driving, a cross-examination within reasonable limits, as to whether he had not at other times been reprimanded and arrested for fast driving, may be permitted; and the extent of the cross-examination of the defendant in this case is not deemed to be a ground for a reversal of the judgment." (Syl. ¶ 5.)

What has been heretofore stated and held compels an affirmance of the judgment and it is so ordered.