No. 21,671.

ADDISON D. FLYNN, *Appellee*, v. F. P. HOLLENBACK, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Damages—Exemplary Damages—Necessary Allegations.* In order to recover exemplary damages, it is not necessary that the petition allege in so many words that the wrongful acts were committed with wantonness, recklessness, or malice, if the facts stated show such gross negligence as amounts to wantonness or a reckless disregard of plaintiff's rights.

2. SAME—*Exemplary Damages—Instruction.* The petition and evidence held sufficient to justify an instruction submitting to the jury the question of exemplary damages.

3. MALICIOUS PROSECUTION—*Evidence—Probable Cause.* Upon the facts stated in the opinion, it is held there was sufficient conflict in the evidence to justify the court in submitting to the jury the question of probable cause for a criminal prosecution.

4. DAMAGES—*Two Causes of Action Joined—Evidence Sustained Both Causes—One General Verdict—No Error Shown.* In an action to recover actual and exemplary damages because defendant drove his automobile against plaintiff's vehicle, injuring him and his property, there was joined a cause of action for malicious prosecution in causing plaintiff's arrest and imprisonment on the charge of having taken, carried away, and used defendant's automobile "with intent to deprive the owner of the temporary use thereof, against the owner's will." (Gen. Stat. 1915, § 3460.) There was evidence to sustain both causes of action, and the jury returned a general verdict in plaintiff's favor. *Held,* that defendant, having failed to request findings showing upon which cause of action the verdict was based (and for other reasons stated in the opinion), has made no affirmative showing of error.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed July 6, 1918. Affirmed.

*C. L. Randall,* and *J. W. Parker,* both of Olathe, for the appellant.

*James L. Hogin,* and *Roy R. Hubbard,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a petition setting out two causes of action, plaintiff sued to recover damages. In the first, he alleged that

Flynn v. Hollenback.

on November 13, 1915, about 9 o'clock at night, he was driving in a one-horse wagon along the public highway, accompanied by his wife and child; that defendant, driving a Ford, and accompanied by several other persons, came up from the rear and drove into the wagon, destroying it, injuring the horse and the plaintiff. It was alleged that the defendant and the persons with him were intoxicated and unfit to manage the car; that there were no lights upon it; that no horn or signal was sounded, nor any effort made to avoid striking the plaintiff. In his second cause of action, plaintiff alleged that on November 22, 1915, defendant maliciously and without probable cause complained in writing on oath before a justice charging him with having unlawfully taken, carried away, and used defendant's car on November 17, 1915, with intent to deprive defendant of the temporary use thereof. It alleged that plaintiff was arrested and kept in jail for twelve hours, when he furnished bond; and that when the case was called for trial in the district court the county attorney of Johnson county dismissed it. Actual and exemplary damages were prayed for. The defendant answered by a general denial. The trial resulted in a verdict and judgment in plaintiff's favor for $1,000 and costs. The defendant brings the case here for review.

The instructions authorized, under certain conditions, the allowance of exemplary damages in either or both causes of action. It is insisted that there is no allegation in the petition to warrant such an instruction, and that there was no evidence of acts that could be characterized as wanton or malicious. The facts set forth in the petition showed wanton and reckless disregard of the plaintiff's rights. It was not necessary for plaintiff to allege in so many words that they were wanton and reckless. We cannot agree with the contention that there was no evidence upon which to base an allowance of exemplary damages. No special findings were requested by either party; the defendant might have asked for findings to show whether the jury found upon one or both causes of action, but he did not see fit to do this.

The defense to the second cause of action was, that probable cause existed for procuring the plaintiff's arrest, and that defendant made a full, complete, and truthful statement to the county attorney of all the facts known to him and upon which

the complaint was predicated. The statute under which the plaintiff was charged makes it a misdemeanor for any person to take, carry away, and use any horse or automobile or other vehicle "with intent to deprive the owner of the temporary use thereof, against the owner's will but not with the intent of stealing or converting the same permanently to his own use." (Gen. Stat. 1915, § 3460.) It is insisted there was no controversy over the facts; no conflict in the evidence; and that the court erred in submitting to the jury the pure question of law as to whether probable cause existed. It is true the defendant testified he made a full, complete, and truthful statement to the county attorney of all the facts; and the plaintiff offered no direct evidence to show the contrary. Obviously, plaintiff was not in a situation to procure evidence as to what transpired between defendant and the county attorney. Nevertheless, it can hardly be said there was no conflict in the evidence.

The defendant was represented at the trial by Mr. Randall, the county attorney, who was also a witness, and who testified: "Mr. Hollenback informed me of the facts. I questioned him pretty particularly about that." He further testified that he had been informed by defendant that some parties, whose names were unknown, except that plaintiff was one, had taken the car away from the possession of John Flynn, with whom defendant had left it, and that upon these statements he advised the filing of the complaint. On cross-examination, however, he testified that he did not believe he knew the car had been left in the custody of John Flynn; and it also appears from his testimony that he did not know that the car was being held for damages, nor that it was so badly damaged that it could not be used. The plaintiff's testimony showed that defendant went to John Flynn's place some days after the accident, claimed the car, and said he wanted to have it repaired; that John Flynn told him he had better go and settle with the plaintiff, and that on the same day defendant met the plaintiff, and refused to make any settlement, but threatened at that time to have the plaintiff and his brother arrested.

We think it is very apparent that if the county attorney had been informed of all the facts concerning the matter within defendant's knowledge, he would never have authorized

Flynn v. Hollenback.

the issuance of the warrant for plaintiff's arrest. There was sufficient conflict in the testimony of defendant's own witnesses as to the disclosures made to the county attorney, and some circumstantial evidence, to authorize the submission of the question of probable cause to the jury. However, in the absence of any finding showing upon which cause of action the jury based their general verdict, we regard this question as of slight importance.

There is the further contention that the court erred in granting a new trial, because the verdict, if based on the first cause of action, was against the weight of the evidence. Authorities are cited holding that where the trial judge is dissatisfied with the verdict of the jury on weighing the evidence presented, it becomes his duty to set the verdict aside and grant a new trial. We must assume in this case that the trial court was not dissatisfied with the verdict; that the evidence was carefully considered on the hearing of the motion for a new trial; and that the court approved the verdict. Quantitatively, the defendant produced what might be called a preponderance of the evidence to show that he was at home at the time the accident occurred; that he had sent his car in charge of another person to town to have it repaired; and that this person was using it without the defendant's knowledge or consent at the time the plaintiff was injured. But it cannot be said that there was no testimony to the contrary. The plaintiff's wife identified the defendant as one of the persons who was present, and she testified she saw him running away after the accident occurred. The jury may have believed her testimony and disbelieved that of the defendant's witnesses. The verdict may have been based entirely upon the first cause of action; it may have been based upon the second, or partly on one and partly on the other. The defendant saw fit to submit the case without any request for special findings, and it must be held that he has made no affirmative showing of error.

The judgment is affirmed.