Winton **HAYDEL**, Appellant,

v.

**AMERICAN EMPLOYERS INSURANCE COMPANY**, Appellee.

No. 21524.

United States Court of Appeals
Fifth Circuit.

Nov. 20. 1964.

George B. Richard, Marrero, Roland J. Sternfels, New Orleans, La., for appellant.

Felicien P. Lozes and Drury & Lozes, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and JONES and ANDERSON,* Circuit Judges.

ANDERSON, Circuit Judge.

In the course of transporting a house by barge from one side of Bayou Segnette to the other, it became necessary, for the purpose of properly positioning the barge, for the appellant's employer, Bernard House Moving and Shoring Company, to run a wire cable from the barge, across Louisiana Avenue, which runs parallel and adjacent to the Bayou, to the moving company's winch truck, which thereby pulled the barge into position. With the cable stretched across the road, vehicular

* Of the Second Circuit, sitting by designation.

traffic on Louisiana Avenue was held up from both directions. After several minutes and the accumulation of a number of waiting vehicles, the moving company slacked-off the cable so that the vehicles on the highway could proceed. After two or three vehicles had passed, a movement of the barge put a strain on the cable so that it became taut and rose from the surface of the road. At this time a truck owned and operated by the appellee's insured, Itzkovitch Furniture Company, Inc., was approaching the cable, and the appellant was near the cable on the side opposite to the approaching vehicles. When the front wheels of the truck struck and passed over the taut cable, it caused the cable to whip in such a way as to strike the appellant with sufficient force to break his left arm. The appellant sued to recover for the personal injury damage which he claims to have incurred through the negligence of the driver of the furniture company's truck in failing to stop to avoid hitting the raised cable. The jury returned a defendant's verdict.

■ The appellant specifies four grounds of error, none of which is sufficiently substantiated to warrant a reversal or a new trial. First, the appellant claims that the trial court erred in refusing to grant his motion for judgment n. o. v. or a new trial based on the insufficiency of the evidence. There was ample evidence to support a verdict either way; that is, a finding of negligence on the part of the insured's driver or a finding that he was not negligent. The jury decided that he was not negligent, which was within its province to do; and it made this particularly clear by answering a special interrogatory to that effect.

■ Second, the appellant claims that the trial judged erred in refusing to include in the charge an instruction in the following words:

" * * * the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability."

The trial judge, however, is not bound to use the exact wording requested by a party and the request was sufficiently covered in the context of the whole charge by the judge's instruction that "in the eyes of the law a motorist must be held to the duty of seeing what he should have seen." Lemley v. Christophersen, 150 F. 2d 291, 292 (5 Cir. 1945).

■■ Third, the appellant claims that the trial judge erred in refusing to charge on the "last clear chance" doctrine. If there was error in this regard, it was harmless and any issue concerning it became moot when the jury specifically found that there was no negligence on the part of the truck driver. The doctrine of last clear chance comes into play only where there is first found to have been negligence on the part of the defendant driver and contributory negligence on the part of the plaintiff. Carlson v. Fidelity Mut. Ins. Co., 88 So.2d 461, 466 (La.App. 1956); see also Rottman v. Beverly, 165 So. 153, 157 (La.1935).

■ Finally, the appellant claims that the trial court should have charged, as appellant requested, on the relative responsibility of joint tortfeasors and the damages to be paid by each. The appellant asserts that, because a separate admiralty action, brought by the same plaintiff, was pending against the tug, the jury may have entertained the idea that there could be recovery against either the defendant or the tug, but that it was not possible for both to have been jointly liable for any judgment which might be entered in the plaintiff's favor. There is nothing in the record to show that the jury was or could have been misled in this regard. The jury was in no way concerned with the claim against the tug; the issue before it was the negligence of the truck driver. The court adequately charged the jury on this issue and also gave adequate instructions on proximate cause. The appellant was in no way prejudiced by the court's refusal

to give the instruction requested. See Westmoreland v. Memphis Transit Co., 305 F.2d 71 (6 Cir. 1962); Carter v. Atlanta & St. A. B. Ry., 170 F.2d 719, 721 (5 Cir. 1946).

The judgment below is affirmed.