Jim **WORDEN**, Appellant,

v.

**TRI–STATE INSURANCE COMPANY,**
Appellee.

No. 7516.

United States Court of Appeals
Tenth Circuit.

April 29, 1965.

Rheearing Denied May 27, 1965.

338

R. A. Munroe and Fred R. Vieux, Augusta, Kan. (Franklin D. Gaines, Augusta, Kan., on brief), for appellant.

Malcom Miller, Wichita, Kan. (Robert C. Foulston and Benjamin C. Langel, Wichita, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and DAUGHERTY, District Judge.

DAUGHERTY, District Judge.

This matter involves an action brought in the United States District Court for the District of Kansas by Jim Worden, the Appellant, against the Tri-State Insurance Company, the Appellee, in which the Appellant seeks to hold the Appellee responsible in damages for its negligence in failing to settle a claim or suit against Appellant by one Shufelberger, arising out of an accident which involved the Appellant and Shufelberger. The Appellant will hereinafter be called Worden, and the Appellee will be called Tri-State.

Worden was the permissive user of a truck covered by a policy of insurance issued by Tri-State. Worden was moving a piano in the back of said truck with Shufelberger riding in the back with the piano. In the process of moving the piano it toppled from the back of the truck with Shufelberger and fell on Shufelberger causing him serious injury. Shufelberger brought suit against Worden in the District Court of Butler County, Kansas, and recovered a judgment for $88,800.00. The limits of the insurance policy were $25,000.00. It appears that Shufelberger offered to settle his claim prior to the jury verdict for $22,500.00. The case was appealed to the Kansas Supreme Court and affirmed. See Shufelberger v. Worden, 189 Kan. 379, 369 P.2d 382. Tri-State paid the policy limits, plus interest. Worden then instituted this diversity action in Federal Court against Tri-State, seeking to re-cover the excess over the policy limits represented by the above mentioned jury verdict and other items of damages. In brief, Worden's complaint herein alleges negligence on the part of Tri-State in the handling of the claim and suit of Shufelberger against him by failing to interview the police officers who investigated the accident, failing to go to the scene of the accident and interview neighbors who witnessed the accident, failing to take the depositions of known witnesses, failing to provide a diagram for the trial, failing to interview the doctors of Shufelberger, failing to have a physical examination of Shufelberger by their own doctors, and failing to follow the recommendations of its agents and attorneys to settle the case. Worden further alleges that he told the agents of Tri-State that his memory of the accident was bad and that he could not recall any of the details of how the accident occurred. By way of answer to Worden's complaint, Tri-State claims that it employed a claims service to investigate the accident; that the claims service made a full, complete and careful investigation of the accident which exonerated Worden from any fault or liability; that the police officers were interviewed; that all the witnesses to the accident were interviewed; that the preparation of a diagram would in no wise show how the accident happened; that a physical examination of Shufelberger was not necessary or desirable as they had a complete medical report from Shufelberger's doctors; and that Worden, when interviewed, could recall the details of the accident and gave a written statement about the accident to the agents of Tri-State in which Worden denied that he was in any wise liable for the accident. Tri-State also alleges contributory negligence on the part of Worden in the matter by and through the manner in which he testified in the Shufelberger trial. This case was tried to a jury, and after both sides presented their evidence in support of their respective contentions as above outlined, the verdict of the jury, based on interrogatories submitted, was in favor of Tri-State and against Worden. Worden has appealed to this Court from

said verdict and judgment entered thereon in the lower Court and cites eleven points of error which he claims entitle him to a reversal of the lower Court's result in this case.

The eleven points of error raised by Worden are as follows:

1. Was Tri-State negligent in failing to settle the Shufelberger action under the evidence presented herein?

2. Error of the Court in submitting the issue of contributory negligence of Worden to the jury under the facts of this case.

3. May Tri-State absolve itself of liability herein by showing it acted upon the advice of attorneys?

4. Error of the Court in admitting expert testimony herein regarding the matter of settling or trying the Shufelberger case.

5. Error of the Court in requiring entire documents to be put in evidence when only a part of each was offered by Worden.

6. Error of the Court in letting in evidence all of the records and files of the Shufelberger case.

7. Error of the Court in stating in the presence of the jury that the testimony of the trial judge in the Shufelberger case about overhearing an offer of settlement was pure hearsay, and error of the Court in allowing said trial judge on cross examination to testify relative to statements of record made by him during the trial of the Shufelberger case.

8. Error of the Court in failing to grant summary judgment.

9. Error of the Court in instructing the jury that an insurer can rely on statements given it by its insured and that everyone has the duty to tell the truth.

10. Error of the Court in refusing to submit the "Determined Facts" agreed upon by the parties during preparation herein to the jury with the Court's instructions, and error of the Court in treating said "Determined Facts" the same as other evidence in this case.

11. Error of the Court in not submitting to the jury the issue of punitive damages.

The Court will now treat with each of the eleven alleged errors asserted by Worden.

The first point is difficult to comprehend in the form in which the same has been presented as error, but it is believed that the answer to the point would be whether or not the trial court properly instructed the jury on the applicable law of this case, and if the verdict of the jury is fairly supported by competent evidence. The jury has answered this point adversely to Worden. The jury found Tri-State to be not guilty of negligence in its failure to settle or compromise the Shufelberger claim. An examination of the Court's instructions reveals that the Court properly stated the applicable law with reference to an action of this type following the case of Bennett v. Conrady, 180 Kan. 485, 305 P.2d 823. It does not appear that Worden has voiced any objection to the applicable law of Kansas regarding an action of this type as instructed on herein by the Court. An examination of the entire record discloses that the evidence presented by both sides required the Court to submit the case under proper instructions to the jury and the verdict of the jury appears to be fairly supported by competent evidence. Thus the jury has ruled on this point adversely to Worden under proper instructions, the jury verdict being supported by competent evidence. No error can therefore be found in connection with this point.

The second point has to do with alleged error of the Court in submitting to the jury the issue of contributory negligence on the part of Worden. Since the type of action here involved appears to be based principally on negligence under Kansas law, it would follow that contributory negligence on the part of the insured could be a proper defense. See Bennett v. Conrady, supra. If a defense of contributory negligence is supported by the evidence, such a defense

should then be submitted to the jury under proper instructions. Carpenter v. Strimple, 190 Kan. 33, 372 P.2d 571. Of course, if there is no evidence to support a claim of contributory negligence, it would be error to submit same to the jury, or if any evidence bearing on the claim of contributory negligence is such that men of reasonable minds would only reach the conclusion that contributory negligence was not present, then it would be error to submit to the jury the issue of contributory negligence. Carpenter v. Strimple, supra. Tri-State in its answer claims that Worden testified in the Shufelberger case in a manner constituting a complete reversal of his previous position as set out in his signed statement to it, which testimony came as a complete surprise and shock to Tri-State, and that Worden in this manner failed to cooperate with his insurer, which constituted negligence on his part in violation of the mutual and reciprocal duty he owed under the circumstances to Tri-State as his insurer. It would appear from the record that there is merit in this position and that the evidence supports the claim and issue of contributory negligence. The trial court felt so, and it is believed correctly acted in this respect. Moreover, it is to be noted that this case was submitted to the jury on four interrogatories, the first of which inquired of the jury as follows: "Was the defendant guilty of negligence which was the proximate cause of the damage to plaintiff? Answer: No." Upon a negative answer to this first interrogatory, the jury was instructed that it was not necessary to answer the remaining three interrogatories. The third interrogatory inquired of the jury as to whether the plaintiff was free from contributory negligence which was the proximate cause of the damage to plaintiff. By the negative answer to the first interrogatory, the jury did not treat with the third interrogatory. Thus, if there was any error in the Court instructing the jury on the issue of contributory negligence, it is harmless and not prejudicial to Worden in view of the jury finding Tri-State not guilty of negligence and never, therefore,

reaching the issue of contributory negligence. See Hopper v. Reed, 6 Cir., 320 F.2d 433; Claggett v. Phillips Petroleum Co., 150 Kan. 191, 92 P.2d 52; Angell v. Hester, 186 Kan. 43, 348 P.2d 1050. Thus there appears to be no merit to this alleged error in the case.

■ With reference to the third point involving the proposition as to whether or not an insurance company may absolve itself of liability in this type of case by showing that it acted upon the advice of competent attorneys, it is first noted that Tri-State in its answer herein did not raise this as a defense in the case. Nor did the Court instruct the jury that such would constitute a defense in this case. Thus, the same has not been claimed as a defense by Tri-State. In determining whether or not Tri-State acted negligently in this type of case, such evidence would be admissible as bearing on this question. Olson v. Union Fire Ins. Co., 174 Neb. 375, 118 N.W.2d 318. Thus there appears to be no merit in this alleged error.

■■ The fourth point is an objection to the use of expert testimony in a case of this type regarding the matter of whether or not the claim or suit should have been settled or tried. Under Rule 43 of the Federal Rules of Civil Procedure the federal courts will admit evidence if it is proper under the rules of evidence applied in courts of general jurisdiction in the state in which the trial court sits. In Kansas, expert testimony is admissible in a proper situation. Nave v. Hixenbaugh, 180 Kan. 370, 304 P.2d 482. The question then arises as to whether or not this is a proper situation or type case in which to receive expert testimony. The expert testimony in this case had to do with whether or not Tri-State, acting through its attorneys and agents, was negligent in not settling the suit within the policy limits, but permitting the same to go to the jury. This proposition involved all the facets of the case, including all the phases of investigation, preparation, the evidence presented at the trial, and the applicable law of the case. The Kansas state courts do not appear to

have passed on this precise question in this type of a case, but the lower court, in the absence of such a state ruling, allowed such evidence to be introduced and his decision in this respect is highly persuasive as to what the law of the State of Kansas should or would be. The Kansas Supreme Court in the case of State v. Gore, 152 Kan. 551, 106 P.2d 704, 131 A.L.R. 1108, observed that in earlier decisions in Kansas the strict rule against the admissibility of opinion evidence was more rigorously applied than in more recent decisions. Also the determination of the admissibility of expert testimony rests largely in the discretion of the trial court, and when exercised within normal limits, such discretion will not be disturbed on appeal. E. L. Farmer & Co. v. Hooks, 10 Cir., 239 F.2d 547, 553. It is noted that other jurisdictions have dealt with this problem, and it is believed that the better rule would permit this type of testimony in this type of case in the discretion of the court and under proper instructions to the effect that the jury may disregard any expert opinion if it feels that the reasons given therefor are unsound. The jury was so instructed in this case. Such expert or opinion evidence would serve to assist the jury in the rather complex matter involved in this type of litigation. Salem v. United States Lines, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313; American Casualty Co. v. Howard, 4 Cir., 187 F.2d 322; Blue Bird Taxi Corp. v. American Fidelity & G. Co., D.C., 26 F.Supp. 808. Thus, it is believed that expert testimony, in the discretion of the trial court, was properly admitted in this case and no error is presented by this point.

In point five, Worden claims error of the Court with reference to his offer in the lower court of a part of a document or documents by a ruling that he must place all of such documents in evidence. In this connection, Worden in his brief refers to a portion of the transcript of record as bearing on this point of error. The Court has examined this portion of the transcript, and while the Court did make such a statement, Tri-State below withdrew its objections to the partial offers made by Worden and thus no error was in fact committed. It is fundamental that one side may introduce only a part of a document or deposition in evidence, but of course it is also well recognized that the other side may later introduce more or the rest of any such document or deposition which was not introduced in evidence. Thayer v. Hoffman & Son, 53 Kan. 723, 37 P. 125. It was apparently the position of Tri-State below that it desired to put in evidence the balance of any document only partly offered in evidence by Worden, and it seems that the Court, in view of such statement, was attempting to persuade Worden to introduce all of the document or documents. However, Tri-State below withdrew its objections and Worden was permitted to proceed on only partial introductions. Thus, no error was committed.

As to the sixth point, Worden claims error of the Court in admitting in evidence all of the records and files of the Shulfelberger case. It appears that this was done over the objections of Worden. The Court then instructed the jury regarding this material placed in evidence, and told them in effect that the jury could consider such as they deemed appropriate and that the jury would be the sole judge of the evidence in the case and as to whether or not these files and records were necessary or appropriate. It would seem that what occurred during the trial of the Shulfelberger case would have some bearing on whether or not Tri-State was guilty of negligence in failing to accept a compromise offer of settlement within policy limits which was made at some point during the trial. In addition, expert witnesses were permitted to give their opinions as to the propriety of not settling but submitting the case to the jury based on these records and files along with all the investigative material. In allowing such testimony, these records and files should be in evidence. Minneapolis, St. Paul & S. S. H. R. Co. v. Metal-Matic, Inc., 8 Cir., 323 F.2d 903; Temple v. Continental Oil Co., 182 Kan. 213, 320

P.2d 1039. It would appear that in a case of this kind almost anything occurring on the date of the accident, during the investigation and during the trial which comes to the attention of the insurer and which would have any bearing on whether or not an insurance company was guilty of negligence in failing to settle within policy limits would be material to show the conditions existing, available information and all the circumstances bearing on the issue of negligence. It is difficult to see where the admission in evidence of these files and records would be error or cause any prejudice to Worden. No prejudice has been shown. Rather, these records and files being in evidence would be available to both sides for use in examination or cross examination of witnesses and in their arguments to the jury. No doubt it can be said that such records and files, or some of them at least, would be a burden on the record, but it has not been demonstrated to this Court that the placing in evidence of all the records and files of the Shufelberger case constitutes error.

 Point seven claims error by the Court in stating in the presence of the jury that the testimony of the trial judge in the Shufelberger case regarding his overhearing an offer of settlement was pure hearsay and further error of the Court in allowing such trial judge on cross examination to testify relative to statements of record made by him during the trial. It is likely that this testimony was not hearsay evidence inasmuch as the said conversation involved and was participated in by an agent of both of the parties in this case, namely, the attorney representing both at that time. The attorney receiving the offer of settlement at that time was the attorney both for the appellant Worden and the appellee Tri-State, and any offer he heard and any statement he made in rejecting the offer would be heard or made on behalf of both parties in this case. In addition, it was in the presence of an agent of both parties in this case. However, it is not believed that such statement by the trial court below could have been prejudicial to Worden, inasmuch as it clearly appears from the record that an offer of settlement within policy limits had in fact been made by Shufelberger prior to the jury verdict. Tri-State's attorney in the Shufelberger case admitted the offer. Thus, any damage by this statement was completely overcome by the fact that the point to which it pertained was not a controversial point in the case. With reference to claimed error in allowing the trial judge on cross examination to testify relative to the statements of record made by him during the trial, it is sufficient to say that the statement he testified to was part of the official record of the Shufelberger case and such official record was in evidence in this case. Thus, the trial judge merely testified before the jury as to what an exhibit in the case said, and this same extract from the exhibit in the case could just as well have been read to the jury by any attorney desiring to bring this facet of the evidence to the attention of the jury. As to such cross examination being beyond the scope of direct examination, this is probably true, but any error here is deemed harmless. Thus, no error is found in connection with these occurrences.

 Point eight claims error in the Court failing to grant summary judgment to plaintiff below. As heretofore discussed under point one, it appears from an examination of the record that a genuine issue as to material facts in the case was present at all times, and such being so, the Court properly refused to grant summary judgment when requested. Rule 56, F.R.C.P.

 Point nine claims error of the Court in instructing the jury that an insurer could rely on statements given to it by its insured, and that everyone has the duty to tell the truth. This does not appear on its face to be an erroneous instruction and no authorities have been presented to the Court which would demonstrate this type of instruction to be erroneous. From the record, it appears that a written statement was given to the insurance company by its insured and

that the contents of such statement and reliance thereon by the insurance company were pertinent and material facts in the case. In other words, this instruction covered issues and facts involved in the case and cannot be found to be erroneous. The same pertains to that part of the instruction to the effect that everyone has the duty to tell the truth, and no error is seen in the giving of this type of instruction.

 Point ten involves claimed error of the Court in refusing to submit the "Determined Facts" agreed upon by the parties during pre-trial herein to the jury along with the instructions of the Court, and further error of the Court in treating such "Determined Facts" the same as other evidence in the case. It appears that said "Determined Facts" were set out in full as part of the pre-trial conference order. It further appears that the jury was told that said "Determined Facts" were to be considered by them as evidence in the case and some or all of them were in fact read to the jury during the trial of the case. In effect then, Worden claims error on the failure of the Court to send a part of the pre-trial conference order to the jury deliberation room along with the instructions of the Court. From the transcript of the record, it does not appear that such "Determined Facts" were marked and introduced in evidence as an exhibit. Rather, it appears that they were presented to the jury in the form of a stipulation as to certain facts and the jury was to consider them as evidence to the extent covered. Under these circumstances, it appears completely proper that the Court should treat these "Determined Facts" as stipulations of facts by the parties regarding the evidence and the same as sworn testimony. Dorsey v. R. F. C., 7 Cir., 197 F.2d 468. The office of a stipulation of facts is to permit the jury to be advised that certain agreed facts are true and that the jury may consider them as the evidence in the case, and thereby do away with the need of producing witnesses to testify to these facts. These "Determined Facts", not being an ex-

hibit in the case, should not be sent to the jury deliberation room and it would likely be erroneous to have sent them. If an exhibit, certainly it is discretionary with the court. Miller v. New York Central R. Co., 7 Cir., 239 F.2d 10. It does not appear that said "Determined Facts", from the instrument containing them, purported to cover or contain all of the pertinent facts in the case, and such position was not taken by anyone during the trial inasmuch as a great amount of other evidence was received on many points throughout the trial. Thus, it appears that the Court properly handled these determined or stipulated facts presented to the jury and was correct in treating them the same as other sworn evidence.

 Point eleven is a claimed error by the Court not submitting to the jury the issue of punitive damages. It appears that under Kansas law an award of exemplary damages is proper where actual damages are recoverable in cases characterized by malice, fraud or a wilful and wanton disregard of the rights of others. See Allman v. Bird, 186 Kan. 802, 353 P.2d 216; Flynn v. Hollenback, 103 Kan. 448, 173 P. 925. Further, to constitute "wantonness", the acts complained of must show not simply lack of due care but the actor must be deemed to have realized the imminence of damage to others from his acts, and to have refrained from taking steps to prevent the damage because of indifference to whether it occurred or not. Frazier v. Cities Service Oil Co., 159 Kan. 655, 157 P.2d 822. It also appears that where a tort such as negligence is involved with a breach of contract such as an insurance contract, exemplary damages are recoverable for such connected tort. 25 C.J.S. Damages § 119, pp. 716–717. The burden is upon one claiming punitive damages to establish by evidence the required showing of wantonness. Apparently the trial court did not feel that the quality of Worden's evidence regarding negligence on the part of Tri-State was sufficient to support a claim of wantonness that would permit the Court to submit the matter of punitive damages to the

jury. From an examination of the entire record, it appears that the Court's conclusion in this connection is with merit and is supported by the record. The fact that the jury under proper instructions failed to find Tri-State guilty of negligence lends support to the correctness of the Court's position regarding the issue of wantonness with reference to the alleged negligent act or acts of Tri-State. Moreover, it is to be noted that punitive damages are not recoverable except in a case where actual damages are recoverable. In the case below, actual damages were not recoverable in the judgment of the jury. Therefore, the jury could not and would not reach the issue of punitive damages. We fail to see error in connection with this point.

Failing to find error in any of the eleven points raised by the appellant, the judgment of the Court below must be, and the same is, hereby affirmed.