**Lillie Belle WARREN, Administratrix With Will Annexed of the Estate of Truman J. Warren, Sr., Deceased, Appellant,**

v.

**Donald Eugene WARD and Loyd Manck, an Individual doing business as Manck Construction Company, Appellees.**

**No. 18429.**

United States Court of Appeals
Eighth Circuit.

Feb. 3, 1967.

Gordon & Gordon, Morrilton, Ark., for appellant.

Jon Dermott and Robert S. Lindsey, of Wright, Lindsey & Jennings, Little Rock, Ark., for appellees.

Before MATTHES and LAY, Circuit Judges, and HARPER, District Judge.

HARPER, District Judge.

Appellant, Lillie B. Warren (plaintiff below and hereinafter referred to as plaintiff), brought this action for the alleged wrongful death of her deceased husband, Truman J. Warren. The appellees (defendants below and hereinafter referred to as defendants) raised the question of contributory negligence on the part of Truman J. Warren. The jury returned a verdict in favor of the defendants, from which the plaintiff takes this appeal.

On June 24, 1964, at about 5:10 a. m., Truman J. Warren was driving a car north on Division Street in the City of Morrilton, Arkansas. Defendant, Donald E. Ward, was driving a tractor-trailer east on Broadway Avenue in the same city. Flashing or blinking red overhead traffic signals were facing Mr. Warren; flashing or blinking overhead yellow traffic signals were facing Mr. Ward. The two vehicles collided in the intersection of Division Street and Broadway Avenue, the front end of the tractor-trailer striking the left side of the car. Mr. Warren died on July 9, 1964, allegedly of injuries received in the collision.

The only living eyewitness to the collision was defendant Ward, who testified at the trial. Since Ward was the only living witness to the collision, the plaintiff requested an instruction on presumption of due care. This requested instruction (Plaintiff's Instruction 7) is as follows:

"You are instructed that, until the contrary is proven, there is a presumption that the deceased, T. J. Warren, was exercising due and proper care for the protection of his person and the preservation of his life, at the time of the accident; this presumption arises from the instinct of self-preservation and the disposition of man to avoid personal harm. This presumption is not conclusive, but is a matter to be considered by the jury in connection with all the other facts and circumstances in the case in determining whether or not the deceased, T. J. Warren, was guilty of negligence at the time of the accident."

The trial court refused the Plaintiff's Requested Instruction 7, stating:

"There is no provision for it in the AMI; and I think that it is something that is proper argument to the jury but I don't think it ought to be incorporated in the instructions. It will be refused." (AMI refers to Arkansas Model Jury Instructions.)

The trial court thereafter instructed the jury on the law of the case, but did not instruct the jury that the plaintiff was entitled to a presumption that the deceased, T. J. Warren, was not negligent.

The jury was given a set of four interrogatories to be answered. Set out below is the first three interrogatories and the jury's action thereon (the fourth interrogatory pertaining only to damages):

"1. Do you find from a preponderance of the evidence that defendant Donald Eugene Ward was guilty of

negligence which was a proximate cause of the occurrence?

"ANSWER: No.

> "M. E. Seamon
> "Foreman.

"If you have answered Interrogatory No. 1 'No' do not answer any other interrogatories. If you answered it 'Yes' answer the following:

"2. Do you find from a preponderance of the evidence that the deceased, Truman J. Warren, was guilty of negligence which was the proximate cause of the occurrence?

"ANSWER: ...........

> "(Yes or No)

........................

> "Foreman

"3. Using 100% to represent the total responsibility for the occurrence and any injuries and damages resulting from it, apportion responsibility between the parties.

"ANSWER: * * *

"4. * * *"

The judgment entered by the clerk of the trial court was based on the jury's answer "no" to Interrogatory No. 1.

The sole question in this case is whether or not the trial court committed reversible error in refusing Plaintiff's Requested Instruction 7.

The plaintiff, while admitting that there are no Arkansas cases in point, contends that in the present situation Arkansas law affords a presumption of due care which arises from the instinct of self-preservation and the disposition of man to avoid personal harm. The plaintiff further contends that it was reversible error to not include Instruction No. 7 on this presumption in the court's charge to the jury since the defendant Ward was the only living eyewitness. Plaintiff bases her contention on an analogy to Arkansas cases concerning the presumption against suicidal death.

The defendants agree that Arkansas has a presumption of due care under the circumstances of this case, but they argue that it is not as strong as the presumption against suicidal death and that it is a procedural device and not substantive and as soon as evidence is introduced in defendants' favor the presumption drops from the case.

We need not determine whether under Arkansas law it was error to exclude the plaintiff's requested Instruction No. 7 because, even assuming arguendo that the exclusion of said instruction was error, it was merely non-prejudicial error under Rule 61 of the Federal Rules of Civil Procedure in view of the fact that the jury answered only the first interrogatory finding that the defendant Ward was not guilty of any negligence. A similar set of interrogatories and answers thereto was involved in the case of Worden v. Tri-State Insurance Co., 347 F.2d 336 (CA 10), and the court said there, l. c. 340:

> "Moreover, it is to be noted that this case was submitted to the jury on four interrogatories, the first of which inquired of the jury as follows: 'Was the defendant guilty of negligence which was the proximate cause of the damage to plaintiff? Answer: No.' Upon a negative answer to this first interrogatory, the jury was instructed that it was not necessary to answer the remaining three interrogatories. The third interrogatory inquired of the jury as to whether the plaintiff was free from contributory negligence which was the proximate cause of the damage to plaintiff. By the negative answer to the first interrogatory, the jury did not treat with the third interrogatory. Thus, if there was any error in the Court instructing the jury on the issue of contributory negligence, it is harmless and not prejudicial to Worden in view of the jury finding Tri-State not guilty of negligence and never, therefore, reaching the issue of contributory negligence. (Cases cited.)"

See also Miller v. Brazel, 300 F.2d 283 (CA 10); Haydel v. American Employers Insurance Company, 339 F.2d 201 (CA 5), and Campbell v. Barnett, 351 F.2d 342 (CA 10).

The jury, by answering the first interrogatory "No", never reached Interrogatory No. 2 pertaining to the issue of contributory negligence or freedom thereof on the part of the plaintiff's deceased husband, T. J. Warren, and since the plaintiff's requested Instruction No. 7 went only to that issue, the exclusion of said instruction was harmless error, if, in fact, it was error under Arkansas law.

The judgment is affirmed.