Wyman C. LOWE, Appellant,

v.

**TAYLOR STEEL PRODUCTS CO.**, New Monarch Machine and Stamping Co., and Kollwood, Inc., each a corporation, Appellees.

No. 18308.

United States Court of Appeals
Eighth Circuit.

Feb. 23, 1967.

Wyman C. Lowe, Atlanta, Ga., pro se.

A. B. Crouch, Des Moines, Iowa, for appellees.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from a judgment based on a jury verdict in favor of defendants-appellees in a personal injury action. Jurisdiction is established by diversity of citizenship and requisite amount in controversy. We affirm.

Plaintiff-appellant sought damages for injuries he received while using a power lawn mower manufactured by defendants. Plaintiff rented the power mower from a resident in the neighborhood of one of plaintiff's rent houses. Plaintiff had never before used a power mower and the owner of the mower and his twelve year old son cut a portion of the lawn. Part of the lawn area was level and part was a grassy descending bank sloping down to a circle. Plaintiff used the machine for the first time for a few minutes that afternoon on the level lawn. The owner of the mower warned plaintiff of the danger of using it on the slope. The following afternoon plaintiff returned and brought a ten foot rope which he tied to the handle of the machine and engaged the owner's twelve year old son to hold the rope as plaintiff mowed the slope. Plaintiff removed his shoes, thinking it would afford him better traction and commenced to mow the slope with the boy standing behind on the bank holding the attached rope. Plaintiff proceeded to push the mower down the slope and pull it back towards him. On about his third pass, as plaintiff was pulling the mower upward towards himself, the mower somehow got over on his left foot causing serious injury in the loss of the big toe and adjoining toe, and about two-thirds of the middle toe with injuries to the tendons and ligaments of the foot. Plaintiff stated that the mower struck what appeared to be a rock or pebble protruding about three-quarters of an inch above ground, causing the mower to jump or be jerked upon his foot. The blade of the mower was in a housing and was three and a half inches from the rear of the housing.

During pretrial procedure the trial court ordered plaintiff to state with specificity the acts relied upon constituting defendants' negligence. The plaintiff complied with the following allegations:

"1. In failing to warn users of the rotary power mower of the dangers involved in its use, and in failing to warn of the dangers of getting his feet under said mower.

"2. In designing, manufacturing, assembling and selling for general public usage, a rotary power mower not equipped with safety devices in the form of handle up-stops.

"3. In designing, manufacturing, assembling and selling for general public usage, a rotary power mower not equipped with safety devices in the form of guards around the cutting blade.

"4. In designing, manufacturing, assembling and selling for general public usage, a rotary power mower constructed so that the minimum horizontal level of the cutting blade was not even with or higher than the lower edge of the housing."

In addition to a general charge, the trial court submitted special interrogatories including queries as to defendants' negligence in respect to each of the above allegations. The jury found by its specific answers to the interrogatories that the defendants were not negligent in any of the particulars charged. In answer to other interrogatories, the jury found there was no intervening efficient cause and the only finding of negligence was on plaintiff's part.

Our task on review was made difficult by plaintiff's flagrant violation of our rules in preparation of his brief. Preliminarily we ordered plaintiff to clarify his brief and argument and to specifically point out the matters complained of.

The brief now before us violates U.S. Ct. of App. 8th Cir. Rule 11(b) Third, Fourth and Fifth, 28 U.S.C.A., in that it does not include:

"Third. —A concise statement of the case in so far as is necessary for the court to understand and decide the points to be argued in the brief * *. If a point relates to the admission or exclusion of evidence, the statement shall quote the evidence referred to, and any objections or other equivalent action taken relative thereto, together with the rulings of the court thereon * * *. If a point relied upon relates to the giving of instructions or the refusal to give instructions requested, the statement shall quote the portions of the instructions or of the requested instructions which are referred to, the objections or exceptions taken to the giving of the instructions or to the refusal to give requested instructions and the rulings of the court thereon * * *.

"Fourth. —A concise statement of each point to be argued * * *.

"Fifth. —A printed argument which shall substantially follow the order of points stated under paragraph 'Fourth'."

These rules are reasonable, sensible, simple and plain. There is no reason why they should not be complied with. The violations here would fully justify our refusal to accept plaintiff's brief and summarily dismiss his appeal. Nevertheless, but not to be taken as precedent or policy, we have laboriously read the entire record, and read and re-read plaintiff's brief in an effort to ascertain his assignments of error and the validity thereof. In the portion of his brief entitled "Argument," plaintiff complains primarily of the court's charge on comparative negligence and the exclusion of the deposition of an expert witness relative to proper safety devices for power mowing machines.

The accident occurred in Georgia and the substantive law of that state controls. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Plaintiff requested only one instruction on comparative negligence and the substance of that instruction was covered in the court's charge.[1]

---

1. Plaintiff's requested instruction No. 13 on comparative negligence:
   "You are further instructed that the principal (sic) of comparative negligence becomes applicable when you find that both the Plaintiff and the Defendants were negligent, and the negligence of each contributes to the Plaintiff's injury. Under such circumstances, it is your duty to determine the degree of the Plaintiff's negligence contributing to his injury and the degree of the Defendants' negligence contributing to the Plaintiff's injury. If you find that the degree of the Plaintiff's negligence contributing to his injury was equal to or greater than the degree of the Defendants' negligence, then the Plaintiff is not entitled to recover. But if you find that the Plaintiff's negligence was less in degree than that of the Defendants; then the Plaintiff is entitled to recover, but not the full amount of his loss and damage. Such loss and damage you should diminish in proportion to the degree of negligence which you find attributable to the Plaintiff."

The following is from the court's charge:
   "Instruction 11
   *    *    *    *    *
   "Fourth: Was the plaintiff guilty of some negligence?
   "If you should find that he was not, then, having found in plaintiff's favor in answer to the first three questions, you will proceed to determine the amount of plaintiff's damages, and return a verdict in the plaintiff's favor for that amount.
   "On the other hand, if you should find, from a preponderance of the evidence in the case, that the plaintiff himself was guilty of some negligence, and that plaintiff's fault contributed as a proximate cause of any injuries which plaintiff may have sustained, then you must compare the negligence of the parties, and return a verdict in favor of the plaintiff for a reduced amount, based upon the comparison.
   "Instruction 12
   "The proper procedure to be followed by the jury in comparing the negligence of the parties, and returning a verdict

■ The trial court instructed much more comprehensively on the subject of comparative negligence than was requested, and none of the instructions regarding comparative negligence as given by the court was specifically objected to by the plaintiff. Aside from a specific objection to one instruction, which was without merit, plaintiff's objections were general and used such language as "first, the plaintiff excepts and objects to the instructions as a whole * * *" and "next, that the instructions as given as a whole * * *" and "plaintiff further expects and objects to the instructions given as a whole * * *." Such general exceptions are wholly ineffective as they do not direct the trial court's attention to any specific portion of a particular instruction so that an error, if any, might be corrected. Such broad exceptions violate Fed.R.Civ.P. 51, which provides "no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■■ Plaintiff, therefore, has failed to properly preserve his alleged error on appeal. See Boeing Airplane Co. v. O'Malley, 329 F.2d 585 (8th Cir. 1964); Apperwhite v. Ill. Cent. R. R., 239 F.2d 306, 309–310 (8th Cir. 1957); Krug v. Mutual Ben. Health & Accident Ass'n, 120 F.2d 296, 301 (8th Cir. 1941). This court said in Fidelity & Casualty Co. v. J. A. Jones Const. Co., 325 F.2d 605, 612 (8th Cir. 1963):

"Plaintiffs in their brief do not set out the exception claimed to have been made to the instruction or point to the record citation as required by our

in favor of the plaintiff for a reduced amount based upon that comparison, is: first, determine the full amount of all damages sustained by the plaintiff, as a proximate result of the accident; next, compare the negligence or fault of the parties, by determining in what proportion, figured in percentage, plaintiff's own fault contributed as a proximate cause of all damages suffered by the

Rule 11(b) 3d. We have examined the record and do not find the exception here urged. Asserted errors to instructions not included in exceptions made to instructions by the trial court cannot be considered upon appeal. Rule 51, Fed.R.Civ.P.; Chicago Great Western Ry. v. Casura, 8 Cir., 234 F.2d 441, 445.'"

■ Assuming *arguendo* that the court had erroneously instructed on comparative negligence, it would not have been prejudicial in this case because the jury specifically found that the defendants were guiltless in every particular of negligence charged. We find no error in the court's instruction on the law of comparative negligence but even if there had been and proper objection made thereto, we as a reviewing court would consider it harmless. It could not have affected the verdict as the rule of comparative negligence could not come into play without a finding that both parties were guilty of negligence. Since the defendants were found free of such guilt, the harmless error rule would apply. This rule applies to instructions as well as other alleged errors. Judge Van Oosterhout of this court said in Minnesota Mut. Life Ins. Co. v. Wright, 312 F.2d 655, 661 (8th Cir. 1963):

"Rule 61, Fed.R.Civ.P., like Rule 52 (a), Fed.R.Crim.P., provides that errors which do not affect the substantial rights of the parties shall be disregarded. 28 U.S.C.A. § 2111 provides that upon appeal, harmless errors shall be disregarded. The harmless error rule applies to instructions. See Moore, Federal Procedure, para. 61.-09."

See also and compare Warren v. Ward, 371 F.2d 906 (8th Cir. 1967).

plaintiff, as a proximate result of the accident; then, reduce the full amount of plaintiff's damages, by subtracting a sum equal to the percentage of the total you find, from a preponderance of the evidence in the case, was caused by plaintiff's contributory negligence; and return a verdict in favor of the plaintiff for the amount remaining."

■ We have reviewed the court's entire charge to the jury and are convinced that when the instructions are taken as a whole, the charge fully and fairly submitted plaintiff's case to the jury. In any event, plaintiff's failure to properly make his exceptions to the trial court precludes consideration on appeal.

■ The only other substantial complaint appearing in plaintiff's "argument" is the court's exclusion of the deposition of one Brodecki, an engineer, who like plaintiff had had a toe cut off in a mower accident and had written an article containing what he would recommend as safety devices to be placed on rotary lawn mowers.[2] This article was published in a National Safety Council publication and was part of the deposition. Even if this evidence was admissible, it was not error for the court to reject it, as it was cumulative. Plaintiff argues that the article was admissible to show notice to the defendants of the requirement of up-stops, but such evidence was admitted through the testimony of another of plaintiff's expert witnesses. Additionally, an engineer from one of the defendant companies, called as a witness by plaintiff, testified that defendants made mowers both with up-stops and without them, and the reasons therefor. As a general proposition, it is within the court's discretion to admit the opinions of an expert when it is doubtful whether the opinions would be helpful to the jury in determining the ultimate fact. Ackelson v. Brown, 264 F.2d 543, 546–547 (8th Cir. 1959). And,

it is elementary that no prejudice can arise where the facts sought to be brought out are otherwise established by the evidence. Vilter Mfg. Co. v. Rolaff, 110 F.2d 491, 500 (8th Cir. 1940).

We find the other assignments of error are without merit and our careful review of the entire record leaves us with the firm conviction that plaintiff was given a fair trial free of prejudicial error.

The judgment of the District Court is affirmed.

---

2. Objections were made to the deposition of this witness on a number of grounds including the fact that he had never seen the lawn mower involved in this litigation; that the article attached to the deposition contained only extracts from the article written by the witness, and in any event was hearsay evidence; that portions of the deposition improperly referred to insurance; and that the witness' testimony on the whole was general and indefinite, particularly as applied to the lawn mower involved in the suit and of such nature as would permit the jury to speculate as to the claims of negligence.

The trial court in sustaining the motion to suppress the deposition ruled:

"The motion to suppress is sustained. I have examined it. I think it would be error for this Court to admit the testimony contained in that deposition, for all the reasons already indicated. There is no testimony whatever about the standards of the industry or custom or usage in the industry or practices in the industry, and I just can't let a man write an article saying he thinks a mower ought to have certain things and then let it be put in evidence. It would be highly prejudicial to the defendants."