Verda VIERRA and Louis Vierra,
Plaintiffs-Appellees,

v.

Yassu GRIER et al., Defendants-
Appellants.

No. 72–2696.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1973.
Rehearing Denied Feb. 15, 1973.

William C. Dudley, El Paso, Tex., for defendants-appellants.

Richard Munzinger, El Paso, Tex., for plaintiffs-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In this diversity case arising out of an automobile accident in Texas, the defendant-appellant, Grier, contends that the district court erred in refusing to allow him to amend his answer pursuant to Rule 15, Fed.R.Civ.P., so that he could raise the defensive theories of joint venture and unavoidable accident. If this was error it was harmless. Grier also argues that in its charge to the jury the court prejudicially commented on the weight of the evidence. We affirm.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

■■ The facts surrounding the accident may be succinctly stated. The Vierras were westbound on Texas Interstate 10 en route to California, with Mr. Vierra driving. At the place where the collision occurred the highway had two paved lanes for westbound traffic. As Mr. Vierra topped a hill in the left hand lane, he saw Grier's vehicle stopped, or nearly so, immediately in front of him. Vierra applied his brakes and swerved to the right in an unsuccessful attempt to avoid the accident. As Grier had approached the hill, traveling at approximately 70 miles per hour, his engine apparently stopped running; he put the car in neutral and tried to start it. Failing this, he put on his left turn blinker with the idea of pulling onto the median. The Vierra vehicle then hit him from the rear. Despite the fact that Grier knew that the left hand lane was for express traffic and knew that the Vierra automobile was behind him, he did not pull his car into the right hand lane, nor did he signal—by hand, by stepping on his brakes, or otherwise—that he was slowing or stopping. A careful review of the record convinces us that there was not sufficient evidence to raise the defense of unavoidable accident. Consequently, as regards this defense, it was not error for the district court to refuse to allow Grier to amend his answer prior to submission of the issues to the jury or to amend to conform to the evidence. Moreover, even if the court's earlier refusals to permit amendment were error, Grier was not prejudiced since, in the light of the evidence, a jury instruction on unavoidable accident would not have been proper.

■ Any error of the court in refusing to allow amendment with respect to joint venture was also harmless. The court submitted every ground of contributory negligence asserted by Grier, and instructed the jury to find against Louis Vierra if he were negligent in any of the particulars alleged. Thus, the jury in finding for Louis Vierra necessarily acquitted him of contributory negligence in even the slightest degree. *See* Kermarec v. Compagnie Generale, 1959, 358 U.S. 625, 629, 79 S.Ct. 406, 3 L.Ed.2d 550. Because the defensive doctrine of joint venture is, in this case, only meaningful as a method of imputing negligence from Louis to Verda Vierra and because the jury found that there was no negligence on the part of Louis to impute, any error of the district court in not permitting Grier's amendment concerning joint venture was cured by the jury's verdict. Kermarec v. Compagnie Generale, *supra*; Haydel v. American Employers Insurance Co., 5 Cir. 1964, 339 F.2d 201.

Finally, we consider as unpersuasive Grier's contention that the district court's jury instruction, being worded too strongly in favor of the Vierras, virtually directed the jury to return a verdict for them. Although the court's charge to the jury was not a model one, no reversible error is presented by it.

Affirmed.